IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY

| | |
|---|---|
| United States of America,<br><br>        Plaintiff<br><br>v.<br><br>Henry Cheng; Mrs. Cheng, wife of Henry Cheng; Suk Ching Chan; Mr. Chan, husband of Suk Ching Chan; Premier Evening, Inc.; HSBC Bank USA, National Association; Unknown Occupants/Tenants 1-10<br><br>        Defendant(s) | Civil Action No.<br><br>**Complaint for Foreclosure and Possession** |

The UNITED STATES OF AMERICA, by and through its attorneys, Frank J. Martone, P.C., states the following claims against the defendants:

## PARTIES

1. Plaintiff, **United States Small Business Association** ("SBA"), is an agency of the United States of America, (hereinafter referred to as "United States of America" having an office at 200 W. Santa Ana Boulevard, Suite 700, Santa Ana, CA 92701.

2. Upon information and belief, **Premier Evening, Inc.,** has been dissolved as of December 1, 2006 by its President/Secretary Henry Cheng.

3. Defendant, **Henry Cheng,** is joined as a party defendant to this action because he signed an Unconditional Guarantee for the Note on behalf of **Premier Evening, Inc.**

4. Defendant, **Mrs. Cheng, wife of Henry Cheng,** is named as party defendant in this action for any curtesy/dower or other interest in said premises.

5. Defendant, **Suk Ching Chan,** is joined as a party defendant to this action because on October 28, 2004, she executed a Home Equity Line Mortgage on the subject property along with Henry Cheng, and for any leasehold or possessory interest she may have on the property.

6. Defendant, **Mr. Chan, husband of Suk Ching Chan**, is named as party defendant in this action for any curtesy/dower or other interest in said premises.

7. Defendant, **Premier Evening, Inc.**, is joined as a party defendant because it was the primary borrower on the underlying Note, which is in default.

8. Defendant, **HSBC Bank USA, National Association,** is joined as a party defendant because it gave a Home Equity Line Mortgage to **Henry Cheng and Suk Ching Chan**. Said mortgage is subordinate to that of Plaintiff's mortgage. Said mortgage is further described in paragraph **24a** of Complaint.

9. Defendants, **Unknown Occupants/Tenants 1-10,** are joined as party defendants to this action because they are tenants/occupants in said premises and they may have a leasehold interest and possessory interest therein. However, no possession is sought against any tenant/occupant protected by the New Jersey Anti-Eviction Statute (N.J.S.A. 2 A:18-61.1, et seq.).

## JURISDICTION AND VENUE

10. Jurisdiction is based on 28 U.S.C. §1345, which provided that the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer, and upon 12 U.S.C. 1715 *et seq.*

11. Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the real estate which is the subject of this transaction is located in this district.

## FACTS

12. On or about November 24, 2001, **Premier Evening, Inc.,** by its President/Secretary, **Henry Cheng**, executed and delivered to the Administrator of the Small Business Association, a Fixed Rate Note in the amount of $132,600.00 plus interest in the amount of 4.00% , attached hereto as Exhibit A, incorporated herein and made a part hereof. (Note).

2

13. Simultaneously with the execution and delivery of the Note, the Guarantor, **Henry Cheng**, gave an Unconditional Guarantee to the Small Business Administration, an agency of the United States of America, attached hereto as Exhibit B, incorporated herein and made a part hereof. (Unconditional Guarantee).

14. Simultaneously with the execution and delivery of the Note, and Unconditional Guarantee, and in order to secure the payment of said Note, the mortgagor, **Henry Cheng**, executed and delivered to Administrator of the Small Business Association, a Mortgage in the amount of $132,600.00, a copy of which is attached hereto as Exhibit C., incorporated herein and made a part hereof. (Mortgage). Said Mortgage was duly recorded on January 11, 2002 in Book 7134, at Page 328, in the Clerk's Office of the County of MIDDLESEX in the State of New Jersey. Said real estate is within the jurisdictional limits of the Court. **Said mortgage was not a purchase money mortgage.**

15. The mortgaged premises are described as follows:

> All that certain tract or parcel of land and premises situate in the Township of EAST BRUNSWICK, County of MIDDLESEX and State of New Jersey being more particularly described as follows:
>
> See attached legal description - Exhibit D.
>
> Tax Lot 15, Block 600, commonly known as **48 UNIVERSITY ROAD, EAST BRUNSWICK, NJ 08816**.
>
> The filed map description contained in Exhibit C attached hereto is the same description contained in the recorded mortgage referenced in Paragraph 14, above.

16. Said Note further provided that, in addition to the foregoing installments of principal and interest, the obligors promised to make monthly payments in the amounts and to be applied in the manner set forth in the mortgage securing the Note.

17. Said Note and Mortgage contained an agreement that, should any default be made in the payment of any monthly installment on account of principal and interest, or any part thereof, if any of the other payments to be made by the mortgagor under the provisions of the mortgage

securing the Note when due as provided in the Note or in the mortgage, the entire indebtedness secured shall immediately because due, payable.

18. Said Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

19. During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums, and necessary expenses and curative payments to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

20. The Defendants, **Premier Evening, Inc.** and **Henry Cheng**, are indebted to the United States of America on behalf of the Small Business Administration and there remains due the following sums to the Plaintiff. (See Statement of Account, attached hereto as Exhibit E, incorporated herein and made a part hereof as if fully written herein.)

Total Amount Disbursed:

| | | |
|---|---|---|
| Loan | $ 132,600.00 | |
| Care and Preservation of Collateral | $ 00.00 | |
| Recoverable Expenses | $ 1,657.00 | |
| Total Amount Disbursed | | $ 134,257.00 |
| Less: Repayments | | $ 12,654.73 |
| Current Balance | | $ 121,602.27 |
| Add: Accrued Interest &/or Purchased Interest | | $ 38,897.75 |
| Total Charges Outstanding | | $ 160,500.02 |
| Less: Escrow Balance | | $ 00.00 |
| Total Indebtedness as of January 29, 2016 | | $ 160,500.02 |
| Daily interest accrual on current balance | | $ |
| Date of Last Transaction 08/28/14 | | |

**Total (as of February 3, 2016)** **$160,500.02**

4

21. On **September 24, 2005**, an installment payment became due and payable on plaintiffs mortgage and has not been paid. Plaintiff has elected that the whole of the unpaid principal and interest shall now be due.

22. The date of default is **September 24, 2005.**

23. Demand for payment of all sums due under the Note and Mortgage was made, and payment has not been paid.

24. The following instruments or liens of record in the Office of the Register of MIDDLESEX County, New Jersey which affect or may affect the premises described herein all of which instruments or liens are subordinate to the lien of the mortgage set forth above:

(a) Home Equity Line Mortgage from **Henry Cheng and Suk Ching Chan** to **HSBC Bank USA, National Association**, in the amount of $120,000.00, dated October 28, 2004, recorded on November 24, 2004 in Mortgage Book 10203, Page 42 in the Clerk's Office of the County of Middlesex.

25. Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

## COUNT ONE

### Foreclosure on the Mortgaged Premises

26. Plaintiff repeats the allegations contained in Paragraphs 1 through 25 of the Complaint and makes same as part hereof as if repeated at length.

27. As a result of **Premier Evening, Inc. and Henry Cheng's** default under the Note, Guarantee and Mortgage, Plaintiff is entitled to immediate payment of the entire unpaid balance due and owing under the loan documents, with interest accruing on such at the rate provided for under the mortgage, together with reasonable attorneys' fees and other charges as provided for under the mortgage.

WHEREFORE, plaintiff prays for judgment as follows:

(a)     Fixing the amount due on its mortgage.

(b)     Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

(c)     Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

(d)     Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

(e)     Appointing a receiver of rents, issues and profits of said lands.

(f)     Such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### Possession of Mortgaged Premises

28.     Plaintiff repeats any and all allegations of Paragraphs 1 through 27 of the Complaint and makes same a part hereof as if repeated at length.

29.     By reason of the default in the terms of the mortgage referred to in the First Count of the Complaint, and by reason of the terms of the mortgage, plaintiff is entitled to possession of the premises described herein.

30.     Defendants, **Premier Evening, Inc., Henry Cheng, Mrs. Cheng, wife of Henry Cheng and Unknown Occupants/Tenants 1-10**, are now in possession of the premises described herein and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff prays for judgment as follows:

(a)     That plaintiff or the purchaser at the foreclosure sale recovers possession of the mortgaged premises against said defendants or anyone holding under them and that Writ of Possession issue thereon.

(b)     Damages for mesne profits.

(c)     Costs.

(d)     Such other and further relief as the Court deems just and equitable.

## DESIGNATION OF TRIAL COUNSEL

Frank J. Martone, Esq. is hereby designated as trial counsel for the Plaintiff, UNITED STATES OF AMERICA.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

## CERTIFICATION PURSUANT TO R. 4:5-1 AND R. 4:64-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any action pending arbitration proceeding. There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

In accordance with Rule 4:64-1(a), I hereby further certify that a title search of the public record has been received and reviewed for the purpose of identifying any lien holders and/or other person and entities with an interest in the property that is subject to foreclosure. The effective date of the title search is August 24, 2015.

**CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT TO RULE 1:5-6(c)(1)(E) AND RULES 4:64-1(a)(2) and (3)**

I, Frank J. Martone, Esq., of full age, hereby certifies and says:

1. I communicated by e-mail with the following named employee(s) of THE UNITED STATES SMALL BUSINESS ADMINISTRATION , who stated that he/she personally reviewed the documents submitted to the Court and that he/she confirmed their accuracy.

2. The name, title and responsibilities of the plaintiff's employee(s) with whom I communicated are: Ellen Sattanni, Loan Specialist who is responsible for executing and reviewing loan documents.

3. Based on my communication with the above-named employee(s) of plaintiff, as well as my own inspection of the loan information supplied by plaintiff and other diligent inquiry, I execute this certification to comply with the requirements of Rule 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (3).

4. I am aware that I have continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

Respectfully submitted this  4th  day of  February , 2016

By: _____
Frank J. Martone, Esq.
Attorney for Plaintiff
Frank J. Martone, P.C.
1455 Broad Street
Bloomfield, NJ 07003
973-473-3000
973-473-3243 – Fax
fjm@martonelaw.com

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1601, AS AMENDED

1. The amount of the debt is stated in paragraph 20 of the complaint attached hereto.

2. The plaintiff who is named in the attached summons and complaint is the creditor to who the debt is owed.

3. The debt described in the complaint attached hereto will be assumed to be valid by the creditor's law firm, unless the debtors, within thirty days after receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the debtor notifies the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor who is named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written request should be addressed to Law Office of Frank J. Martone, P.C., 1455 Broad Street, Bloomfield, NJ 07003.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**